CUSTODE DI BACCO et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 49718.)—Appeal from a judgment in favor of claimants, entered July 1, 1975, upon a decision of the Court of Claims. Claimant, Custode Di Bacco, was the owner in fee of 18.79 acres of land. The remaining claimants are her sons, who operated a truck farm on the property. On the dates in question, approximately 2.81 acres of the land were devoted to growing some 25,000 pepper plants. On June 22, 1966, State employees entered upon the land for the purpose of making test borings. The instant claim was brought seeking damages for the State's *de facto* appropriation of a temporary easement and for the loss of 3,000 pepper plants allegedly destroyed during the process of making the borings. Claimants also seek damages for the loss of the remaining 22,000 plants which were killed by an early frost. This claim is based on the premise that the presence of the State's equipment on the land prevented the irrigation and cultivation of the pepper patch during an abnormally hot and dry spell and the development of the plants was thereby delayed for at least a five-week period. The Court of Claims made an award for the temporary easement and a further award of $742 for the 3,000 plants destroyed in the process of the State's borings, but dismissed the claim as to the remaining 22,000 plants. This appeal ensued and claimants maintain that the dismissal was against the weight of the evidence and that the court failed to properly

measure the damages for the 3,000 plants destroyed. As for the claim which was dismissed, the court found that the State's occupancy was for six days, and not for 21 days as maintained by the claimants, and that the first killing frost was September 20, 1966 one month earlier than normal. The court concluded that the occupancy by the State was insufficient to retard the growth of the plants to the extent that they could not be harvested prior to the killing frost. In our view, there is ample evidence in the record to justify the court's findings and conclusions and we, therefore, should not disturb them. In assessing the damages due to the destruction of the 3,000 plants, the court found that their value at maturity would have been $1,111.50. From this sum was deducted the estimated cost of raising the plants from seed. The widely accepted method of measuring such damages, however, is to calculate the fair market value at maturity and deduct the amount of labor and expenses which would be required from the date of destruction to maturity. (13 NY Jur, Damages, § 91.) The only proof in the record as to such cost was furnished by the claimants in the amount of $150. Consequently, the award for damage due to the loss of the 3,000 plants should be increased to $961.50. Judgment modified, on the law and the facts, by increasing the amount of the award to claimants William P. Di Bacco, Richard M. Di Bacco, Orlando A. Di Bacco and Anthony W. Di Bacco, Doing Business as Di Bacco Bros., to $961.50, together with appropriate interest, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.